**STATE of Utah, Plaintiff and Appellee,**

v.

**Michelle HANSEN, Defendant and Appellant.**

No. 910605–CA.

Court of Appeals of Utah.

Aug. 14, 1992.

Richard P. Mauro, Salt Lake City, for defendant and appellant.

David E. Yocom and Paul B. Parker, Salt Lake City, for plaintiff and appellee.

Before GARFF, JACKSON, and RUSSON, JJ.

OPINION

RUSSON, Judge:

Michelle Hansen appeals her conviction of possession of a controlled substance, a class B misdemeanor, in violation of Utah Code Ann. § 58–37–8(2)(a)(i) (Supp.1992). We reverse and remand.

I. FACTS

In the early morning hours of May 9, 1991, the vehicle in which Michelle Hansen was a passenger was pulled over by Deputy David Mortensen of the Salt Lake County Sheriff's Office on Interstate 15 in Salt Lake County.

Deputy Mortensen suspected that the driver of the vehicle, Sharon Blue, was under the influence of alcohol and decided to conduct several routine field sobriety tests. Hansen remained in the passenger seat while Deputy Mortensen conducted the tests.

After Blue had completed the sobriety tests, Deputy Mortensen conferred with a backup officer, Deputy Mark Wooten, who had arrived at the scene prior to the tests and had observed the scene of the stop. The officers concluded that there was insufficient evidence to arrest Blue for driving under the influence. Deputy Mortensen testified that he thought Blue had performed "fairly well on the field sobriety tests." Deputy Wooten testified that he believed that Blue was "borderline." The officers further testified that, despite their conclusion that Blue was not legally drunk, they determined that it would be better if Blue did not drive the vehicle. Accordingly, the deputies asked Blue if her passenger had been drinking. She replied that she thought that Hansen had consumed one beer. The deputies therefore requested Blue's permission for Hansen to drive the vehicle, which she granted.

In order to determine if Hansen could legally drive the vehicle, Deputy Wooten approached the vehicle and, without any explanation, requested that she produce her driver's license. Hansen responded that she did not have a driver's license. Deputy Wooten then asked Hansen for her name and date of birth. Hansen provided the requested information, and Deputy Wooten proceeded to run a license check and a warrants check on Hansen. The warrants check revealed that Hansen had outstanding warrants for her arrest. Accordingly, the officers arrested Hansen, and during a search incident to the arrest, discovered marijuana in her fanny pack.

Prior to trial, Hansen moved to suppress the marijuana as evidence seized in violation of her fourth amendment rights. The trial court denied the said motion, concluding that Hansen had not been seized. Hansen subsequently pleaded guilty to possession of a controlled substance, conditional upon preserving her right to appeal the circuit court's denial of her motion to suppress. *See State v. Sery*, 758 P.2d 935, 938 (Utah App.1988). Hansen appeals, challenging the trial court's conclusion that she was not seized for fourth amendment purposes.

## II. STANDARD OF REVIEW

"A trial court's findings of fact underlying its decision to grant or deny a motion to suppress must be upheld unless they are clearly erroneous. However, we review the trial court's legal conclusions in regards thereto under a correction of error standard." *State v. Hunter*, 831 P.2d 1033 (Utah App.1992) (citation omitted).

## III. ANALYSIS

The Fourth Amendment to the United States Constitution provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. Const. amend. IV. This protection also extends to the occupants of an automobile. "Although a person has a lesser expectation of privacy in a car than in his or her home, one does not lose the protection of the Fourth Amendment while in an automobile." *State v. Schlosser*, 774 P.2d 1132, 1135 (Utah 1989) (citation omitted).

■ As an initial matter, we address the findings of fact underlying the trial court's conclusion that Hansen was not seized for fourth amendment purposes. Among other findings in support of that conclusion, the trial court found that the investigation never focused on Hansen. Such finding is clearly erroneous. The officers' testimony indicates that Deputy Wooten approached Hansen and, without any explanation, requested that she produce her driver's license. When she responded that she did not have one, he proceeded to ask for her name and date of birth and to run a license check and a warrants check. Thus, the trial court's finding that Hansen was never the focus of any inquiry is clearly erroneous, and the consequent conclusion that she was not seized is in error.

This does not, however, end our inquiry. In *Terry v. Ohio*, 392 U.S. 1, 9, 88 S.Ct. 1868, 1873, 20 L.Ed.2d 889 (1968), the Supreme Court cautioned that the Fourth Amendment only prohibits *unreasonable* searches and seizures. Since we can affirm the trial court on any proper legal ground, *see State v. Elder*, 815 P.2d 1341, 1344 n. 4 (Utah App.1991), we must further determine whether the officers' seizure of Hansen was reasonable under the facts of this case. We conclude that it was not.

As to stopping a vehicle for traffic violations, the Utah Supreme Court has held that a police officer "may briefly detain the vehicle and its occupants while he examines the vehicle registration and the driver's license." *Schlosser*, 774 P.2d at 1135 (citation omitted). However, the "length and scope of the detention must be 'strictly tied to and justified by' the circumstances which rendered its initiation permissible." *State v. Johnson*, 805 P.2d 761, 763 (Utah 1991) (quoting *Terry*, 392 U.S. at 19–20, 88 S.Ct. at 1879).

■ Applying this to the case at bar, we conclude that Deputy Wooten's actions were outside the scope of the circum-

stances which justified the stop in the first place. It is uncontroverted that the reason for the initial stop was Deputy Mortensen's suspicion that Blue was driving under the influence of alcohol. Thus, it was reasonable for Deputy Mortensen to conduct sobriety tests to confirm or deny that suspicion. However, once the officers determined that Blue was not driving under the influence, the purpose for the stop was satisfied, and any subsequent action by the officers cannot be said to be reasonably related to the original purpose of the stop.

In such circumstances, any further detention is permissible only if the officers have a reasonable articulable suspicion of criminal activity. *State v. Robinson*, 797 P.2d 431, 435 (Utah App.1990) (citing *United States v. Guzman*, 864 F.2d 1512, 1519 (10th Cir.1988)). Such simply did not exist here. Nevertheless, Deputy Wooten approached Hansen, and without any explanation, requested that she produce her driver's license. When she was unable to produce her license, Deputy Wooten proceeded to ask for her name and date of birth, which answers he used to run a driver's license check and a warrants check. Because the questioning of Hansen and the consequent detention were plainly outside the scope of the circumstances that justified the initial stop, and the officers were unable to articulate any reasonable suspicion of criminal activity, the seizure of Hansen was unreasonable under the Fourth Amendment.

### IV. CONCLUSION

For the foregoing reasons, we reverse the denial of Hansen's motion to suppress and remand this matter to the circuit court for further proceedings consistent with this opinion.

GARFF, J., concurs.

JACKSON, Judge (concurring specially):

I conclude that the articulable objective facts known to Deputy Wooten when he seized Hansen did not support a reasonable suspicion that Hansen was engaged in criminal activity. Accordingly, the trial court's denial of Hansen's motion to sup-

press the evidence found in her pack was clearly erroneous. *State v. Sery*, 758 P.2d 935, 942 (Utah App.1988); *accord State v. Mendoza*, 748 P.2d 181 (Utah 1987); *State v. Ashe*, 745 P.2d 1255 (Utah 1987).